**Samuel R. DONOVAN, Plaintiff–Appellant,**

v.

**Cara M BRIGGS and Steven M Peglow Defendants–Appellees.**

No. 03–7281.

United States Court of Appeals, Second Circuit.

Feb. 4, 2004.

Jeffrey Wicks, Rochester, NY, for Appellant.

Timothy M Lexvold (Charles S. Turner, Monroe County Attorney, of counsel), Monroe County Attorney's Office, Rochester, NY, for Appellees.

PRESENT: OAKES, CABRANES, Circuit Judges and AMON,* District Judge.

* The Honorable Carol B. Amon, of the United States District Court for the Eastern District of New York, sitting by designation.

# 470

## AMENDED SUMMARY ORDER

Plaintiff Samuel R. Donovan appeals from a judgment of the District Court entered February 26, 2003, granting defendants' motion for summary judgment and dismissing his false arrest and malicious prosecution claims. On appeal, Donovan argues that the District Court erred when it concluded that defendants had probable cause to arrest and prosecute him and that, in any event, defendants were entitled to qualified immunity from suit.

For the reasons stated in the District Court's thorough and well-reasoned opinion, we agree with the District Court that Sheriff's Deputy Peglow and Assistant District Attorney Briggs had probable cause to arrest and prosecute Donovan, and, therefore, that Donovan's false arrest and malicious prosecution claims fail as a matter of law.[1] Although Monica Donovan's "to-do list," which contained the entry "Frame dad for Abuse (sexual or physical?)," raised doubts about her credibility, other facts were sufficient to establish probable cause at the time of plaintiff's arrest on July 19, 2000. Those facts included Monica Donovan's prompt and detailed description of the alleged rape; her demeanor, which a Child Protective Services worker found to be consistent with a rape victim's; and the results of her physical examination.

Because we have concluded that defendants had probable cause to arrest and prosecute Donovan, we need not consider whether defendants were entitled to qualified immunity from suit.

We have considered all of plaintiff's claims on appeal and we hereby AFFIRM the judgment of the District Court substantially for the reasons stated by that Court.

---

1. In *Saucier v. Katz*, the Supreme Court held that the "requisites of a qualified immunity defense must be considered in proper sequence." 533 U.S. 194, 200, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). That sequence requires that we first consider whether "the officer's conduct violated a constitutional right." *Id.* at 201, 121 S.Ct. 2151. Only if a violation is established is it appropriate to consider whether the right was "clearly established" or if the defendant's actions were objectively reasonable. *Id.; Harhay v. Town of Ellington Bd. of Educ.*, 323 F.3d 206, 211–12 (2d Cir.2003). Accordingly, like the District Court, we begin by considering whether defendants' conduct violated plaintiff's constitutional rights.